UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S-3 4:17 CR00198 JAR |
| | ) | |
| GERALD FITZGERALD HUNTER, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Erin Granger, Assistant United States Attorney for said district, and files this response to Defendant's Motion for Judgment of Acquittal, or Alternatively for a New Trial.

**I.     Introduction**

On October 5, 2021, a jury found the defendant guilty of the following offenses: (1) conspiracy to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (3) possession with intent to distribute 400 grams or more fentanyl, in violation of 21 U.S.C. § 841(a)(1); (4) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (5) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).   Sentencing is set for January 25, 2021.

Defendant argues that he is entitled to a judgment of acquittal on Counts One and Two because no reasonable juror could find that the Government had proven the existence of the

1

conspiracies as charged. Alternatively, Defendant asserts he should receive a new trial because: (1) the Court improperly limited his cross-examination of Andon Templer, (2) the Court erroneously redacted Raina Madison's name from the indictment (3) the Court failed to properly instruct the jury on multiple conspiracies; and (4) the Court improperly admitted evidence of Defendant's conviction for conspiracy to distribute cocaine.

For reasons set below, Defendant's arguments are without merit and should be denied in their entirety.

## II. The Court Properly Denied Defendant's Motion for Judgment of Acquittal on Counts One and Two because the Evidence was Sufficient to Sustain Convictions

Evidence presented at trial was not only sufficient to sustain the convictions, but was overwhelming. There is no basis to grant a judgment of acquittal on Counts One and Two, and this Court should reject Defendant's arguments.

Under Rule 29, the district court, on the defendant's motion, "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a), *United States v. Stacks*, 821 F.3d 1038, 1043 (8th Cir. 2016). "A district court must consider a motion for judgment of acquittal with very limited latitude and must neither assess witnesses' credibility nor weigh evidence." *Stacks*, 821 F.3d at 1043, *quoting United States v. Johnson*, 474 F.3d 1044, 1048 (8th Cir. 2007). A guilty verdict is overturned only if, viewing the evidence most favorably to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*, *citing United States v. Sanchez*, 789 F.3d 827, 834 (8th Cir. 2015); *United States v. Lewis*, 976 F.3d 787, 795 (8th Cir. 2020); *United States v. Bradshaw*, 955 F.3d 699, 704-05 (8th Cir. 2020).

The Eighth Circuit views "the evidence in the light most favorable to the guilty verdict,

and grant[s] all reasonable inferences that are supported by the evidence." *Id*., *citing United States v. Dean*, 810 F.3d 521, 527 (8th Cir. 2015). "If evidence consistent with guilt exists, we will not reverse simply because the facts and the circumstances may also be consistent with some innocent explanation. Even where the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." *United States v. Griffith*, 786 F.3d 1098, 1102 (8th Cir. 2015), *cert. denied,* 442 ___ U.S. ___, 137 S.Ct. 70, 196 L.Ed.2d 66 (2016) (citation and quotation omitted); *United States v. Huyck*, 849 F.3d 432, 441–42 (8th Cir. 2017).

Defendant argues that the Court should enter judgments of acquittal on Counts One and Two because the indictment charged conspiracies "beginning on an unknown date and continuing for a time period, including January 2011" and the evidence did not support this time period. Specifically, Defendant asserts that because the Government included the date of January 2011 in the indictment, the Government was required to prove that the conspiracy existed at that time. Defendant's argument is without merit.

To establish that a defendant conspired to distribute controlled substances, the Government was only required to prove: (1) that there was a conspiracy; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy. *United States v. Conway*, 754 F.3d 580, 587 (8th Cir. 2014) (citations omitted). A single conspiracy may exist "even if the participants and their activities change over time, and even if the participants are unaware of, or uninvolved in, some of the transactions." *United States v. Slagg*, 651 F.3d 832, 840 (8th Cir. 2011) (citations and internal quotations omitted). So long as a person understands the unlawful nature of the plan and voluntarily and intentionally joins in, they may be convicted of a conspiracy offense. *United States v. Haren*, 743 Fed. App'x 711, 714 (8th Cir. 2018). The evidence at trial clearly demonstrated that Defendant knowingly and intentionally conspired with

3

other individuals to distribute cocaine and fentanyl.

Defendant does not address how the evidence presented was insufficient to sustain convictions. Instead, Defendant focuses solely on the date range charged in the indictment. Notably, Defendant does not identify any caselaw to support his argument that the Court should grant a motion for judgment of acquittal based upon this argument. Indeed, in a conspiracy case, the Government is only required to prove the essential elements of the crime beyond a reasonable doubt and the time period is not an essential element of ] offense.

The Eighth Circuit has held that "[t]ime is not a material element of a criminal offense unless made so by the statute creating the offense." *United States v. Stuckey*, 220 F.3d 976, 982 (8th Cir. 2000). *See also United States v. Adams*, 2019 WL 165720 (N.D. Iowa January 10, 2019) (holding a disparity of charged time in the indictment did not warrant dismissal in a conspiracy case), *United States v. Jackson*, 345 F.3d 638 (8th Cir. 2003) (concluding time period is not a material element of a conspiracy of offense). Because the date of the offense is not an essential element of conspiracy to distribute cocaine and fentanyl, Defendant is not entitled to relief.

Moreover, even if it was, all of the evidence introduced at trial fell within the conspiracy period alleged in the superseding indictment. Testimony adduced at trial established that Andon Templer and Jimmie Johnson were incarcerated in 2010 on drug charges. During that period, Johnson advised Templer that he (Johnson) had a source of supply in California and identified that source as Defendant. In 2011, Templer and Johnson discussed meeting with Defendant for the purchase of obtaining controlled substances. Templer and Johnson then began receiving cocaine from Defendant. Following Johnson's arrest, Defendant continued to distribute cocaine and fentanyl for several years. Accordingly, Defendant's argument fails and his motion for judgment of acquittal on Counts One and Two should be denied.

### III. The Interest of Justice Does Not Require Granting A New Trial.

Defendant raises a number of claims for which he claims he is entitled to a new trial pursuant to Fed.R.Crim.P. 33. Each of these claims is without merit. Pursuant to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires…" However, district courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). "Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Id*. The remedy "is reserved for exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Knight*, 800 F.3d 491, 504 (8th Cir. 2015), *United States v. Stacks*, 821 F.3d 1038, 1044–45 (8th Cir. 2016).

### A. The Court Properly Imposed a Reasonable Limit on Cross-Examination

Defendant moves for a new trial on the grounds that the Court prevented him from questioning Andon Templer about "the multiple times he has broken his word to courts" and asserts that this prevented him the right to meaningfully confront Templer.

Federal Rule of Evidence 608(b) provides that except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness. The rule further provides that specific instances of witness untruthfulness may be inquired into on cross-examination in the discretion of the court. But such cross examination is subject to exclusion if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the] jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Beck*, 557 F.3d 619, 620, 621 (8th Cir. 2009), *citing*

5

*United States v. Beal*, 430 F.3d 950, 956 (8th Cir. 2005) (*quoting* Fed. R. Evid. 403). "Trial judges retain 'wide latitude' to impose 'reasonable limits' on cross-examination," particularly where the subjects inquired into might confuse the jury or be "repetitive or only marginally relevant." *Beck*, 557 F.3d, at 621, quoting *United States v. Drapeau*, 414 U.S. F.3d 869, 875 (8th Cir. 2005), quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

The characterization of Templer "breaking his word to a court" is argumentative, irrelevant, and at best, is offered to impeach Templer. Given that Defendant was able to cross-examine Templer on the actual supervised release violations, the Court properly prevented such argumentative questioning and imposing a reasonable limit on this cross-examination. *See United States v. Street*, 548 F.3d 618 (8th Cir. 2008) ("the scope of such examination [of prior convictions] is strictly limited in order to avoid the confusion resulting from the trial of collateral issues, and also to avoid unfairness to the witness.")

Further, in view of the overall strength of the evidence, and the vigorous cross-examination of Templer – which included his desire to obtain a reduced sentence, his extensive illegal drug trafficking, and his prior convictions – it is not probable that such questioning would have produced an acquittal at trial. The Court was within its discretion to disallow this line of questioning and impose a limit on the cross-examination and Defendant's motion should be denied.

**B. The Court did not Make an Improper Constructive Amendment to the Indictment**

Defendant argues that the Court created an improper constructive amendment to the indictment when it read a redacted copy of the indictment to the jury which did not include the name "Raina Madison." Madison was initially named in the indictment with Defendant.

A "constructive amendment" of an indictment implicates the defendant's Fifth Amendment

right to be charged by a grand jury and occurs when the essential elements of the offense set forth in the indictment are altered by the prosecutor or the trial court. This generally occurs when the jury instructions or evidence presented at trial allow the jury to convict the defendant of an offense other than the one alleged in the indictment.

Similar to a constructive amendment, a variance arises when the evidence presented proves facts that are 'materially different from those alleged in the indictment.'" *United States v. Buchanan,* 574 F.3d 554, 564 (8th Cir.2009) (quoting *United States v. Begnaud,* 783 F.2d 144, 147 n. 4 (8th Cir.1986)). "A variance is harmless error if it does not prejudice a defendant's right to notice, while a constructive amendment is reversible error per se." *United States v. Farish,* 535 F.3d 815, 822 (8th Cir.2008).

In *United States v. Johnson*, 719 F.3d 660 (8th Cir. 2013), the defendant argued that the district court's failure to include the names of each of the named co-conspirators was a constructive amendment to the indictment. The Eighth Circuit disagreed and held that "[b]ecause identity of a defendant's coconspirators is not an essential element of conspiracy… the district court's failure to include the names of the conspirators in the jury instructions was not a constructive amendment to the indictment." *Id.* at 668.

Defendant argues that by removing Madison's name, the indictment became overly broad and created a notice problem because it allowed the jury to convict Defendant of conspiracy for conspiring with anyone. This argument is belied by the evidence presented at trial which demonstrated that Defendant conspired with indicted coconspirators (Templer, Madison, and Kashita Webb) as well as other unindicted coconspirators (Johnson). Contrary to Defendant's argument, there is no "substantial likelihood" that the jury convicted him of an offense other than what was charged in the indictment. *Id.* Templer and Webb both testified that they were

involved in the trafficking of controlled substances with Defendant. Additionally, they both identified other co-conspirators including Madison and Temne Hardaway. The jury did not convict Defendant of a separate conspiracy from the conspiracy he was charged with, namely, conspiracy to distribute cocaine and fentanyl in the Central District of California and the Eastern District of Missouri. Defendant's motion should be denied.

### C. The Court did not Err in Declining to give a Multiple Conspiracy Jury Instruction

The Court did not err in denying Defendant's request for a multiple conspiracy jury instruction because the evidence presented at trial supported a single conspiracy, which simply switched locations once Templer, Webb, and others, were arrested in St. Louis, Missouri. The indictment charged a conspiracy that included sales of fentanyl to a confidential informant in Atlanta in 2019. This individual testified about fentanyl being shipped from Los Angeles to Atlanta. Defendant argues that this testimony established the existence of multiple conspiracies. The testimony however, simply showed that the Hunter Conspiracy, whose object which was to distribute large kilogram quantities of cocaine and fentanyl, switched distribution locations at one point from St. Louis to Atlanta. The conspiracy remained constant in supply location (from the Central District of California), and in purpose (distribution of cocaine and fentanyl) throughout the period charged in the indictment.

"Whether a given case involves a single or multiple conspiracies depends on whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy." *United States v. Campbell*, 986 F.3d 782, 796 (8th Cir. 2021) (quotation omitted). In determining whether multiple conspiracies exist, "the [Court] considers the totality of the circumstances, including the nature of the activities involved, the location where the alleged events

of the conspiracy took place, the identity of the conspirators involved, and the time frame in which the acts occurred." *Id*.

In *United States v. Haslip*, 416 F.3d 733, 736–37 (8th Cir. 2005), the Eighth Circuit found that the court did not abuse its discretion to refuse to instruct on multiple conspiracies:

> The government may prove a single conspiracy "where the defendants have a common purpose" and where "mutual dependence or assistance" exists or each defendant is aware of the nature and scope of the conspiracy and willingly joins….In a drug case, the fact that different individual defendants contributed a portion of the total drugs to suppliers or participated in numerous separate transactions does not convert a single conspiracy into multiple conspiracies…. **That co-conspirators may change roles throughout the pendency of a conspiracy or even depart from the conspiracy which may signal only that the single conspiracy has moved to a new phase, and a conspiracy may have multiple and varied phases**.

*Haslip*, 416 F.3d at 736-37 (emphasis added) (citing *United States v. Spector*, 793 F.2d 932, 935 (8th Cir.1986) and *United States v. Davis*, 882 F.2d 1334, 1342 (8th Cir.1989)).

Similarly, in *United States v. Perez-Trevino*, 891 F.3d 359, 372 (8th Cir.), *cert. denied* sub nom., *Castellanos v. United States*, 139 S. Ct. 295, 202 L. Ed. 2d 194 (2018), and *cert. denied* sub nom., and *Flores v. United States*, 139 S. Ct. 352, 202 L. Ed. 2d 249 (2018), and *cert. denied*, 139 S. Ct. 608, 202 L. Ed. 2d 440 (2018), the Eighth Circuit upheld a district court's ruling not to give multiple conspiracy instruction, stating:

> **A single conspiracy is not converted to multiple conspiracies simply because different defendants enter a conspiracy at different times or perform different functions**…Nor does "the fact that different individual defendants contributed a portion of the total drugs to suppliers or participated in numerous separate transactions ... convert a single conspiracy to multiple conspiracies." **A single conspiracy can be proven even though the participants and their activities change over time.** This is true even if some participants are unknown to other conspirators or uninvolved in some transactions.

*Perez-Trevino*, 891 F.3d at 372 (emphasis added)*, citing United States v. Maza*, 93 F.3d 1390, 1398-9 (8th Cir. 1996); *United States v. Slagg*, 651 F.3d 832, 840 (8th Cir. 2011); *United States v.*

9

*Longs*, 613 F.3d 1174, 1176 (8th Cir. 2010). *See also United States v. Hamilton*, 837 F.3d 859 (8th Cir. 2016) ("[a] single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions.")

Defendant argues that he was entitled to an instruction of multiple conspiracies because the evidence demonstrated that the distribution of drugs from California to Atlanta occurred after the first indictment was returned.[1]  Simply because the defendant changed his distribution location from St. Louis to Atlanta however, does not transform his activity into a multiple conspiracy. Where the "shared common goal" and "interdependence between the alleged participants" transcends locational boundaries, the differences in location "are simply differences in their modus operandi and not differences in their underlying objective." *United States v. Gatling*, 96 F.3d 1511, 1520 (D.C. Cir. 1996).  Moreover, the location of the defendant's activities was largely constant; he distributed drugs from Los Angeles, California.

Finally, pauses of time between activities do not automatically convert a single conspiracy into multiple conspiracies.  *United States v. Walker*, 142 F.3d 103, 112 (2d Cir. 1998) ("lapses in time do not necessarily convert a single conspiracy into multiple conspiracies").

Evidence presented at trial clearly showed that the Hunter conspiracy was singular in purpose, far-reaching in scope, and adaptive to the efforts of law enforcement.  Although some of its participants changed over the course of time, the purpose of the conspiracy remained the same. The Court did not err in refusing to give a multiple conspiracy instruction in this case and Defendant's motion should be denied.

---

[1] Defendant proceeded to trial on the third superseding indictment which charged the time period that included the distribution of fentanyl from California to Atlanta, Georgia.

**D. The Court Properly Admitted Evidence of Defendant's Prior Conviction**

Defendant's argument that the Court erred by admitting evidence of Defendant's 2000 conviction for conspiracy to distribute cocaine pursuant to Rule 404(b) is without merit. Defendant presented a denial defense that he distributed fentanyl and cocaine. Therefore, he placed his state of mind at issue and his prior felony drug conviction was relevant under Rule 404(b). *See, e.g., United States v. Thomas*, 398 F.3d 1058, 1062-63 (8th Cir. 2005) (defendant's two prior convictions for distributing crack in prosecution for possession with intent to distribute were admissible to show intent); *United States v. Monds*, 945 F.3d 1049, 1052-53 (8th Cir. 2012) (admission of three prior felony drug convictions in prosecution for possession with intent to distribute cocaine base to show knowledge and intent); *United States v. Horton*, 756 F.3d 569, 579 (8th Cir. 2014) *cert. denied*, 135 S. Ct. 122, 190 L. Ed. 2d 93 (2014) (internal citations and quotations omitted) (evidence of prior possession of drugs is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element.).

Defendant argues that the Government merely argued that Defendant was a drug dealer in the past and that the Court did not require the Government to articulate the grounds of how the evidence was admissible under Rule 404(b). This statement is belied by argument presented at the pretrial conference on September 23, 2021 where the Court specifically requested the Government to articulate the basis for admission under 404(b) of Defendant's 2000 conviction for Conspiracy to Distribute Cocaine. The Government offered the aforementioned evidence to prove Hunter's intent, knowledge, and absence of mistake in distributing cocaine and fentanyl and possessing with the intent to distribute fentanyl and the Court made a detailed finding that such evidence was admissible. Indeed, the probative value of the evidence was very high in the context

11

of the trial. The evidence was then received by stipulation and the Court properly instructed the jury with a limiting instruction. Defendant's motion should be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court deny Defendant's Motion for Judgment of Acquittal or New Trial.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Erin Granger*
ERIN GRANGER, #53593MO
Assistant United States Attorney
Erin.Granger@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Beau B. Brindley
Michael Thompson
LAW OFFICES OF BEAU B BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, IL 60604

*s/ Erin Granger*
ERIN GRANGER, #53593MO
Assistant United States Attorney