# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CR-00198-1 JAR |
| GERALD FITZGERALD HUNTER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment of Acquittal or New Trial. (Doc. No. 861). For the following reasons, the motion is denied.

**Motion for acquittal**

"A district court properly denies a motion for a judgment of acquittal if 'there is substantial evidence justifying an inference of guilt irrespective of any countervailing testimony that may be introduced.' " United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999) (citation omitted). Conversely, "[a] motion for judgment of acquittal should be granted only 'if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.' " United States v. Cacioppo, 460 F.3d 1012, 1024 (8th Cir. 2006) (citation omitted). A court has "very limited latitude" and must not "weigh the evidence or assess the credibility of the witnesses" when ruling on a motion for judgment of acquittal. United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002).

Defendant contends the Court should enter a judgment of acquittal as to Counts 1 and 2 because the Government failed to prove the existence of the charged conspiracies beyond a reasonable doubt. As to each charge, the indictment alleges a conspiracy beginning on an unknown

date that continued for a time period "including January 2011." While acknowledging the Government is not required to prove exact dates of events to secure a conviction, Defendant argues the Government must prove dates that are "reasonably close" to those alleged and failed to do so. In response, the Government argues Defendant is not entitled to relief because the date of the offense is not an essential element of a conspiracy to distribute cocaine and fentanyl, and that in any event, the evidence at trial fell within the conspiracy period alleged in the superseding indictment.

"To obtain a conviction for conspiracy, the government must prove beyond a reasonable doubt that there was an agreement to achieve some illegal purpose, that the defendant knew of the agreement, and that the defendant knowingly became a part of the conspiracy." United States v. Adams, 401 F.3d 886, 893 (8th Cir. 2005) (quoting United States v. Cabrera, 116 F.3d 1243, 1244 (8th Cir. 1997)). The time period is not a material element of a conspiracy offense, see United States v. Jackson, 345 F.3d 638, 649 (8th Cir. 2003), and the evidence at trial clearly demonstrated that Defendant knowingly and intentionally conspired with other individuals to distribute cocaine and fentanyl within the conspiracy period alleged in the superseding indictment. Thus, Defendant's motion for acquittal will be denied.

**Motion for new trial**

Regarding a motion for a new trial, a district court can "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. However, the granting of such a motion is disfavored unless a serious miscarriage of justice has occurred. United States v. Guel-Contreras, 468 F.3d 517, 522 (8th Cir. 2006) (citation omitted). A district court should use its broad discretion in granting motions for a new trial "sparingly and with caution" and should reserve such relief "for exceptional cases in which the evidence preponderates heavily against the

verdict." United States v. Schnurstein, 977 F.2d 449, 454 (8th Cir. 1992) (citations omitted); United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (citations omitted).

Defendant first argues the motion should be granted because the Court erred in limiting his cross-examination of Andon Templer by preventing him from questioning Templer about "the multiple times he has broken his word to courts." Defendant refers to Templer's admission during an offer of proof outside the presence of the jury that he regarded his multiple intentional violations of his terms of supervised release as "breaking his word to the court," and argues this is directly probative on Templer's credibility and truthfulness.

Under Fed. R. Evid. 608(b), specific instances of witness untruthfulness may be inquired into on cross-examination in the discretion of the court. But such cross-examination is subject to limitation or exclusion, particularly where the subjects inquired into might confuse the jury or be "repetitive or only marginally relevant." United States v. Drapeau, 414 F.3d 869, 875 (8th Cir. 2005) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)); see also United States v. Beck, 557 F.3d 619, 621 (8th Cir. 2009).

Given the overall strength of the Government's case, and the fact that Defendant was able to vigorously cross-examine Templer on his desire to obtain a reduced sentence, his extensive illegal drug trafficking, and his prior convictions, as well as on the actual supervised release violations, questioning Templer about "the multiple times he has broken his word to courts" would not have resulted in an acquittal at trial and at most would have been repetitive. Defendant's first argument is, therefore, denied.

Next, Defendant argues the Court erred in overruling his objection to the redaction of Raina Madison's name from the indictment provided to the jury, resulting in a constructive amendment from the charges in Counts 1 and 2 that led the jury to believe they could convict Defendant if they

found he conspired with anyone. This argument is unavailing. See United States v. Johnson, 719 F.3d 660 (8th Cir. 2013), the defendant argued that the district court's failure to include the names of each of the named co-conspirators was a constructive amendment to the indictment. The Eighth Circuit disagreed and held that "[b]ecause identity of a defendant's coconspirators is not an essential element of conspiracy … the district court's failure to include the names of the conspirators in the jury instructions was not a constructive amendment to the indictment." Id. at 668. Moreover, the evidence presented at trial clearly demonstrated that Defendant conspired with indicted coconspirators Templer, Madison, and Kashita Webb as well as other unindicted coconspirators. Contrary to Defendant's argument, there is no "substantial likelihood" that the jury convicted him of an offense other than that charged in the indictment. Defendant's second argument is denied.

Third, Defendant argues the Court erred in refusing to instruct the jury on multiple conspiracies given the testimony of the Government's cooperating witness regarding the distribution of narcotics to Atlanta that occurred well after the events that were originally indicted in this case, involving separate people, separate methods, and a wholly separate location. This argument is also denied.

The fact that Defendant may have changed his distribution location from St. Louis to Atlanta did not convert his activity into a multiple conspiracy. It is well settled that the introduction of a new conspirator or an expansion of activity to new territory does not create a new conspiracy. "A single conspiracy is not converted to multiple conspiracies simply because different defendants enter a conspiracy at different times or perform different functions." United States v. Burris, No. 20-3056, 2022 WL 52362, at *1 (8th Cir. Jan. 6, 2022) (quoting United States v. Perez-Trevino, 891 F.3d 359, 372 (8th Cir. 2018)); see also United States v. Delgado, 653 F.3d 729, 736 (8th Cir.

2011). Here, the evidence showed the purpose of the conspiracy, i.e., to distribute drugs, remained the same. Where "the evidence substantially points to a single conspiracy," the district court need not give an instruction on multiple conspiracies. Id. at *3 (quoting United States v. Davis, 882 F.2d 1334, 1341-42 (8th Cir. 1989)).

Lastly, Defendant argues the Court erred in admitting evidence of Defendant's 2000 conviction for conspiracy to distribute cocaine. Defendant contends the Government failed to provide some explanation linking Defendant's prior conviction to his knowledge or intent in the current charge pursuant to Rule 404(b). The Court notes the Government articulated the evidentiary basis for admission of Defendant's prior conviction during the pretrial conference on September 23, 2021. Also at that hearing, the Court made a detailed finding that such evidence was admissible. At trial, the evidence was then received by stipulation and the Court mitigated any prejudice by instructing the jury with a limiting instruction. Defendant's fourth argument is denied.

For these reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment of Acquittal or New Trial [861] is **DENIED.**

Dated this 13th day of January, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**