UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 4:17 CR 198 JAR (PLC) |
| vs. | ) | |
| | ) | |
| GERALD HUNTER | ) | |

## SENTENCING MEMORANDUM

Comes now the Defendant, GERALD HUNTER, by and through his attorney, Beau B. Brindley, and presents the following sentencing memorandum:

When determining the appropriate sentence for an individual defendant, a sentencing court should impose the shortest possible sentence that  (A) reflects "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deters future criminal conduct; (C) protects the public from the defendant and (D) provides the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553. When determining whether a given sentence is sufficient to effectuate these purposes district courts are directed to consider:

1. "the nature and circumstances of the offense and the history and characteristics of the defendant;" 18 U.S.C. § 3553(a).
3. "the kinds of sentences available;" 18 U.S.C. § 3553(a).
4. the defendant's Guidelines range;
5. Any relevant policy statements;
6. "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" 18 U.S.C. § 3553(a)
7. "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

A defendant's guideline range is advisory. *United States v. Booker,* 543 U.S. 220, 244 (2005). Under *Booker* and its progeny, sentencing courts may not treat the applicable guideline range as presumptively reasonable. *Nelson v. United States*, 129 S.Ct. 890 (2009). Instead, the

advisory guidelines range must be weighed against the other factors listed in 18 U.S.C. § 3553(a). *Kimbrough v. United States,* 128 S.Ct. 558, 564 (2007). In the pursuit of a just sentence, district courts may devise policies and impose sentences that are at odds with the policies articulated by the Federal Sentencing Guidelines. *Spears v. United States,* 129 S.Ct. 840 (2009). Regardless of what the applicable guidelines range suggests, § 3553 directs the district court to impose a sentence no longer than necessary to accomplish the purposes of punishment in 18 U.S.C. § 3553(a)(2).

Regardless of the Guideline Range calculated by the Court, any sentence of imprisonment greater than 20 years is unnecessary to further any of the purposes of punishment pursuant to § 3553.

**I.      A Sentence of 120 Months Effectuates the Purposes of Punishment Articulated by 3553(a).**

Section 3553 calls upon courts to recognize relevant differences among defendants, even defendants with the same base offense level or guideline range. In arriving at a final sentence, the Court should impose a sentence no longer than necessary to (A) reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deter future criminal conduct; (C) protect the public from the defendant and (D) provide the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553.

Regardless of the Court's determination of the applicable Guidelines range, a sentence of 240 months (20 years) is sufficient, but not greater than necessary to effectuate all the purposes of punishment the Court must consider pursuant to § 3553. There is no reason to believe that any prison time greater than 20 years is necessary to further the goals of rehabilitation, deterrence, incapacitation, or promoting respect for the law. A 240-month sentence adequately reflects the

seriousness of the offense and affords Mr. Hunter, a 57-year old man, a realistic opportunity to not spend the entirety of the rest of his life in prison.

Because the effects of illegal narcotics have a significant negative impact on society, Mr. Hunter must be punished with a serious sentence. However, there is nothing from Mr. Hunter's personal background to suggest that, after his experience in federal court, he would even think about recidivating, especially given the fact that he will be in his 70's upon release, even under the sentence he requests.

Regardless of the sentence imposed, it will necessarily be a serious one. The certainty of at least a decade in prison has already provided Mr. Hunter with all of the deterrence necessary to ensure that he will never be likely to reoffend at his age.

The purposes of punishment outlined in § 3553(a) simply do not justify the imposition of a guideline sentence. There is no evidence that Mr. Hunter requires incapacitation in light of his non-violent criminal background and relatively advanced age. Likewise, for the same reasons, neither specific deterrence nor rehabilitation requires a sentence greater than 20 years. The law instructs the Court to issue a sentence sufficient to recognize "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a). Imposing a lengthy sentence would work to unnecessarily undermine, not promote, respect for the law. Sending a 57-year-old man to prison for the rest of his life for a non-violent offense would be a draconian penalty that would create a distrust and disrespect for the legal system.

Mr. Hunter's conduct in this case was destructive and abhorrent. But despite what the Guidelines suggest, he is no more blameworthy or culpable than any other defendant who ran a drug trafficking conspiracy. The United States Sentencing Guidelines are structured in such a way that Enhancements pile up in a case such as this, with little to no opportunity for defendants to

offset them with reductions. Especially because Mr. Hunter's case involves a conviction for money laundering, these enhancements have taken his advisory Guidelines range well past what most of even the most serious and violent offenders are subjected to in federal court. The quantities of serious narcotics for which Mr. Hunter has been convicted of distributing is noteworthy. But he nonetheless is not the type of violent and menacing criminal that is usually deemed worthy of a life sentence. There are no allegations of violence in this case. No witnesses were threatened or harmed. There was not an armed standoff or a firearm brandished. Defendants who have those types of occurrences associated with their cases are the ones who are worthy of a life sentence. Defendants such as Mr. Hunter, despite having a very serious case involving a very serious quantity of drugs, must still be granted some consideration in recognition that they are not on the same level as these more menacing defendants. To sentence Mr. Hunter the same as the Court would sentence a Joaquin "El Chapo" Guzman, or a Larry Hoover would be to work an injustice and create an unwarranted sentencing disparity.

Undoubtedly, drug trafficking is a serious offense and this Court must promote respect for the law through its sentence. But respect for the law is not the same thing as fear of the law. A law is respected when it is tempered by mercy. Lengthy prison sentences may promote fear of the law but they do not necessarily promote respect. When a 57-year old defendant with a non-violent offense receives a sentence that takes into account more than just the rote numbers, that sentence demonstrates that the justice system is indeed reasonable. And that, above all things, promotes respect for the law.

Mr. Hunter has been convicted of a serious offense, and serious offenses require serious sentences. But, for man of his age and background, any prison sentence is a serious sentence.

Twenty years is serious for anybody, and in this case 20 years is serious enough to recognize the seriousness of the offense and the purposes of punishment, and to promote respect for the law.

Respectfully submitted,

GERALD HUNTER

By:     s/ Beau B Brindley
        Counsel for defendant

LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
312.765.8878

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon all counsel.

/s/ Beau B Brindley
Counsel for defendant Gerald Hunter